IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MARGARITA HERNANDEZ, PRO SE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:14-CV-0172-J |
| § | |
| HEREFORD INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**

Before the Court is plaintiff MARGARITA HERNANDEZ's February 12, 2014 Application to Proceed in District Court without Prepaying Fees or Costs, with Declaration in Support of Request to Proceed In Forma Pauperis, both filed in the above-referenced and numbered cause.

The Magistrate Judge has reviewed plaintiff's Application and Declaration and notes plaintiff responds to question no. 1 by declaring she has average monthly income for the past 12 months of $265.00 a month from employment, and $3,000.00 a month from real property and $51.00 a month from unemployment payments. Although plaintiff did not provide a figure for total monthly income, the Court computes this amount to be $3,316.00 per month in income. Further, plaintiff states her spouse makes $19,940.00 per month, although she notes he is a seasonal worker who expects to earn $1,500.00 next month. These figures are inconsistent. By her response to question no. 4, plaintiff states she and her spouse have $2,500.00 in cash on hand and their bank accounts total $3,300.00 together. By her response to question no. 8, plaintiff lists monthly expenses which total $3,076.00. Plaintiff did not add her monthly expenses; the Court has performed that computation. By her response to question no. 9, plaintiff states she expects

major changes in her monthly income or expenses or in her assets or liabilities during the next 12 months, but does not follow the instructions requiring her to attach a sheet describing those changes.

Plaintiff's financial disclosures are internally inconsistent. Nevertheless, as they stand, plaintiff's financial disclosures do not support her request for pauper status.

## CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Application to Proceed in District Court Without Prepaying Fees or Costs filed August 4, 2014 in the instant cause be DENIED.

Plaintiff may file Objections within fourteen days in accord with her right to object as set forth below or plaintiff may file an amended Application to Proceed in District Court Without Prepaying Fees or Costs in support of her request to proceed in forma pauperis. If plaintiff chooses to file an amended application, she should take care to fill out the form accurately and completely.

IT IS SO RECOMMENDED.

ENTERED this 11th day of August, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections

is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).